## MUNICIPAL BONDS—LIMITATION OF BONDING POWER.

[Circuit Court of Seneca County.]

WELLINGTON J. GRIFFITH ET AL V. THE CITY OF TIFFIN ET AL.

Decided, April Term, 1905.

*Municipal Corporations—Statutes Construed Relating to Bonding Power—Limit of Bonding Capacity, How Ascertained—Exemption of Bonds to be Paid by Special Assessments.*

1. The bonding power of a municipal corporation under Sections 2835, 2835*b* and 2837, Revised Statutes of Ohio, is fixed at the extreme limit of eight per cent. of all the taxable property listed for taxation, in such corporations. This, however, does not include bonds to be paid by special assessments upon abutting property.

2. In determining whether a municipal corporation has reached or exceeded the limit of its bonding capacity, the statute contemplates the aggregate bonded indebtedness whether issued before or since

said enactments, and if such aggregate equals or exceeds the extreme eight per cent. limit above noted, then no further bonds may be issued until said aggregate has been reduced below said limit.

VOLLRATH, J.; NORRIS, J., and HURIN, J., concur.

The plaintiff in error filed his petition in the lower court setting forth twelve separate causes of action and seeking to restrain the payment of bonds of the city of Tiffin heretofore issued and to restrain the issuing of bonds known and designated as the Greenfield Street Paving Bonds—the latter being the subject of the twelfth cause of action.

The first eleven causes of action described and set forth successive bond issues of said city, indicating the purpose for which issued, as well as their respective amounts, and contain averments with reference to the manner of issuing the same tending to support the charge that said issues of bonds so described were illegally made. The aggregate sum of the bonds so issued as described in these eleven causes of action is $625,000. The amount of bonds sought to be issued as set forth in the twelfth cause of action and known as the Greenfield Street Paving Bonds is $13,000. It further appears from the petition and in the first eleven causes of action, as well as in said twelfth cause of action, that the total taxable value of all property listed for taxation in said city of Tiffin is $4,000,690 and no more.

The facts thus set forth indicate that the city of Tiffin has at present a total bonded indebtedness amounting to a fraction more than 15 per cent. of the taxable value of all property in said city listed for taxation.

A general demurrer was interposed by the city to this petition and this demurrer was sustained by the lower court. Error is prosecuted here to reverse this action of the common pleas court.

The demurrer in question was general in its terms.

After said demurrer was sustained as aforesaid by the court of common pleas, upon application to the judges of this court at chambers, a temporary restraining order was granted restraining the sale of the Greenfield Street Paving Bonds until the issues raised herein by the petition in error are finally determined.

The purposes for which municipal corporations may issue bonds are recited in Section 2835 of the Revised Statutes and include the object contemplated by the issue under consideration.

Said Section 2835 further provides that such bonds shall not exceed one per cent. of the total taxable property of the corporation in any one year unless authorized by an affirmative vote of at least two-thirds of all the members of council elected or appointed thereto, and then the aggregate amount of *all such bonds hereafter issued* under the authority of said act shall never exceed four per cent. of such taxable property—unless a greater amount be authorized by a vote of the electors of the corporation in accordance with the provisions of Section 2837, Revised Statutes.

Section 2835*b*, as enacted April 25, 1904 (97 Ohio Laws, 520), qualifies the above as follows—

"Provided, further, that the limitations of one per cent. and four per cent. prescribed in Section 2835, Revised Statutes, shall not be construed as affecting bonds issued under authority of said Section 2835, upon the approval of the electors of the corporation; nor shall bonds which are to be paid for by assessments specially levied upon abutting property, be deemed as subject to the provisions of said section."

Upon a comparison with the original Section 2835, this supplementary section seems to do nothing more than eliminate the required two-thirds vote of the council in cases where an issue is actually authorized by a vote of the people, but it applies merely to 2835 and the limitations of one per cent. and four per cent. therein contained, and in no wise affects the provisions of Sections 2837.

Section 2837 as amended April 25, 1904 (97 Ohio Laws, 190), provides that the aggregate issue of four per cent. bonds authorized in Section 2835, may be exceeded when authorized by the affirmative action of two-thirds of the council, supported by the affirmative vote of two-thirds of the voters voting at an election duly called for that purpose.

It will be noted that the excess over four per cent. requires a two-thirds vote of the electors voting at such election, while

for the lesser aggregate authorized by Section 2835 a bare majority seems sufficient.

Section 2837 further provides as follows—

"Provided, however, that no * * * municipal corporation shall hereafter create or *assume* an aggregate indebtedness of outstanding and unpaid bonds under the authority of this act, in excess of eight per cent. of the total value of all property in such * * * municipal corporations as listed and assessed for taxation."

The word *"assume"* as used above is peculiar to Section 2837. It is not found in Section 2835. It is evidently inserted there for a purpose. What does it mean? It can not mean to create a new debt, for it is used in the alternative with the word "create", to-wit, "create or assume." It may not mean to adopt or take up the debt of some other person or corporation, for that does not come within the scope of the powers conferred upon municipalities by law. It must, therefore, if it means anything, have reference only to the indebtedness of the corporation itself existing prior to the enactment of the eight per cent. limitation.

The proviso at the close of said Section 2837, "that in cases where * * * council of any * * * municipal corporation, has heretofore passed a resolution or ordinance declaring it necessary to issue and sell bonds, etc., for any of the purposes authorized by law, the provisions of this act limiting the aggregate amount of bonds to be issued, shall not be construed to apply to bonds provided for in such resolution or ordinance," does not apply to the case at bar. That proviso seems to have reference to contemplated issues of bonds not yet issued at the date of said act, but provided for by resolutions prior to said enactment of April 25, 1904, and seeks to prevent such contemplated issues from becoming illegal even though excessive in amount, and invites the suspicion that it was enacted to meet a special case. While, however, such previous contemplated issues do not become illegal by reason of their antagonism to existing law, yet there is nothing in the act, properly construed, to prevent their being included in a computation to determine whether a corporation has not reached, or exceeded, the extreme limit of its bonded power.

In view of the conclusions above noted, we hold that the bonding power of a municipal corporation in the state of Ohio is, by the above acts, fixed at the extreme limit of eight per cent. of all the taxable property listed for taxation in such corporation; that in determining whether a municipal corporation has reached or exceeded the extreme limit of its bonding capacity as above noted, all issues of bonds made by such corporation, previous to said enactment, as well as those subsequently made, and remaining unpaid, must be considered; in other words, the statute contemplates the aggregate bonded indebtedness of a municipal corporation whether issued before or since said enactment, and if such aggregate bonded indebtedness equals the extreme eight per cent. limit above noted, then no further bonds may be issued by said municipal corporation until said aggregate has been so far reduced as to place the contemplated issue within the limit prescribed, and it is only proper to add that within said limitation all the requirements of the statutes must be strictly followed.

It is evident from the averments of the twelfth cause of action that the present aggregate bonded indebtedness of the city of Tiffin is far in excess of the extreme eight per cent. limit permitted by law; that the contemplated issue of $13,000 of Greenfield Street Paving Bonds as therein set forth would be far in excess of said extreme limit of eight per cent. above described and, upon the averments of the petition, the same would, therefore, be improper and illegal.

With reference to the first eleven causes of action described in the petition, it seems that the petitioner seeks therein to invalidate or declare void numerous issues of bonds of said city, together aggregating $625,000, and issued for various purposes.

It is not stated where the bonds are held, nor are the bondholders themselves made parties to the action. The purpose of the issue of these bonds is also faultily set forth. Upon the whole, therefore, we are of the opinion that so far as the first eleven causes of action are concerned, the averments are not sufficient to stand against a demurrer and, the action of the court below in sustaining said demurrer to said eleven causes of action is, therefore, approved and affirmed.

With reference to the twelfth cause of action, however, in view of the premises above noted, we hold that the court of common pleas erred in sustaining said demurrer to said cause of action and said order of the court of common pleas sustaining said demurrer to said twelfth cause of action is therefore reversed.                                                  . .

Judgment reversed accordingly at the costs of the defendant, the city of Tiffin. Judgment for costs, execution awarded, and cause remanded to the court of common pleas for execution and further proceedings.